IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMERICAN HEALTHNET, INC., a Nebraska Corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:04CV9 |
| vs. | ) ) | AMENDED FINAL |
| WEST SIDE COMMUNITY HOSPITAL, INC., d/b/a SACRED HEART HOSPITAL,, | ) ) ) ) | PROGRESSION ORDER |
| Defendant. | ) ) | |
| WEST SIDE COMMUNITY HOSPITAL, INC., d/b/a SACRED HEART HOSPITAL, | ) ) ) ) | 4:04CV3210 |
| Plaintiff, | ) ) | |
| vs. | ) ) | AMENDED FINAL PROGRESSION ORDER |
| AMERICAN HEALTHNET, INC., a Nebraska Corporation, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court following a telephone conference with counsel on October 7, 2005. Heather Voegele represented the plaintiff and David Argentar represented the defendant. Counsel jointly moved to amend the Final Progression Order (#85). For good cause shown, it is amended as follows:

**IT IS ORDERED:**

1.  **Deposition Deadline.** All fact witness depositions, whether or not they are intended to be used at trial, shall be completed by **December 16, 2005**. All expert witness depositions shall be completed by **February 17, 2006.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any

of the dates in this order; any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order.

2. **Disclosure of Expert Witnesses.**[1] All parties shall, as soon as practicable but **not later than January 6, 2006**, serve the opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence.  If necessary to refute the disclosed opinions of an expert witness of an opponent, a party may disclose **additional expert witnesses** not later than **January 27, 2006,** provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of deposition.  Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e).  The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

3. **Pretrial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall provide to all other parties the following information regarding the evidence that it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

   **A.    Nonexpert Witnesses - On or before April 10, 2006:**  The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

   **B.    Deposition Testimony and Discovery - On or before: April 10, 2006:**  1) The portions of each deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it intends to offer.  Such designations and any objections thereto shall also be included in the final pretrial conference order.  *See* NECivR 16.2.

   **C.    Trial Exhibits - On or before April 10, 2006:**  A list of all exhibits it expects to offer by providing a numbered listing and permitting

---

[1] Generally, a treating physician shall not be deemed to be "retained or specially employed to provide expert testimony in a case" within the meaning of Fed. R. Civ. P. 26(a)(2)(B), but a treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A).

examination of such exhibits.  The parties shall also designate on the list those exhibits it may offer only if the need arises.

      **D.**    **Waiver of Objections**: Any objections to the use of witnesses, deposition designations, discovery responses, or exhibits shall be listed in the pretrial order.  Failure to list objections (except those under Fed. R. Evid. 402 and 403) shall be deemed waived, unless excused by the court for good cause shown.

      **E.**    **Filing of Disclosures**:  The filing of pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be deemed filed at the time of the filing of the Order on Final Pretrial Conference in this matter.

4.    **Motions in Limine.**

      **A.**    *Daubert* **Motions.**  Any motion *in limine* challenging the admissibility of testimony of an expert witness under Rule 702, Fed. Rules of Evidence shall be filed **on or before April 21, 2006**, in the absence of which any objection based upon said rule shall be deemed waived.  *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999); *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

      **B.**    **Any other** motions *in limine* shall be filed not later than **April 21, 2006**.

5.    **All** motions for summary judgment shall be filed **on or before February 24, 2006**.  *See* NECivR 56.1 and 7.1.

6.    **The Final Pretrial Conference** with the undersigned magistrate is set for **April 24, 2006 at 2:00 p.m.,** in chambers, Suite 2210, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.  The final pretrial conference shall be attended by lead counsel for represented parties.  Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.  By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin at any time during the session indicated below.

7.    **A Jury trial** is set to commence **at 8:30 a.m. on May 2, 2006,** in Omaha, Nebraska, before the **Honorable Laurie Smith Camp**.

8.      **On or before March 17, 2006**, the parties are to provide a status report regarding settlement negotiation.  The report shall be in the form of a letter to the court from the plaintiff on behalf of all of the parties.

9.      **Motions to Alter Dates.**  All requests for changes of date settings shall be directed to the undersigned magistrate judge by appropriate motion.

**DATED: 7th day of October 2005.**

>                               **BY THE COURT:**
>
>                               **s/ F.A. Gossett**
>                               **United States Magistrate Judge**