IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMERICAN HEALTHNET, INC., A Nebraska Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 8:04CV9 |
| | ) | ORDER ON |
| WESTSIDE COMMUNITY HOSPITAL, INC., An Illinois Corporation d/b/a/ SACRED HEART HOSPITAL, | ) ) ) ) | MOTIONS IN LIMINE |
| Defendant. | ) ) | |

This matter is before the magistrate judge by consent of the parties on the motions in limine filed by American HealthNet, Inc. ("AHN") and Westside Community Hospital, Inc. ("Sacred Heart"). The court's rulings are set forth below.

- **Filing 138   Sacred Heart's Motion to bar the testimony and report of Peggy Drelicharz as an expert witness**

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the court must perform a gatekeeping function and insure that proffered expert testimony is both relevant and reliable. *Daubert* applies to all expert testimony, not only scientific expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

Rule 702 of the Federal Rules of Civil Procedure governs the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the

product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under Evidence Rule 703,

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

In civil cases, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704. Finally, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Ms. Drelicharz is AHN's Vice-President of Development and was designated by AHN as a retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(B). Sacred Heart argues that Drelicharz lacks the requisite qualifications to testify as an expert witness under Fed. R. Evid. 702. Having reviewed Ms. Drelicharz' credentials and report, I concur with this assessment and find that Ms. Drelicharz should not be allowed to testify as an expert witness pursuant to Rule 702; however, Ms. Drelicharz is certainly qualified to testify as a fact witness in this case and is not necessarily precluded from testifying as a lay witness pursuant to Fed. R. Evid. 701, which provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences

    which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Whether Peggy Drelicharz should be allowed to offer testimony in the form of opinions or inferences pursuant to Fed. R. Evid. 701 is a matter that must be reserved for trial.

- **Filing 139  Sacred Heart's Motion to bar evidence of Sacred Heart's failure to cooperate in the implementation process**

The contracts at issue in this lawsuit required AHN to install and implement software and to provide training to Sacred Heart regarding the installation, maintenance and use of the software. AHN contends that Sacred Heart did not cooperate in these efforts. Sacred Heart contends the issue of its cooperation is irrelevant because AHN has admitted the software it installed did not work properly. In the alternative, Sacred Heart argues that such evidence should be excluded as unfairly prejudicial pursuant to Fed. R. Evid. 403.

I do not believe this issue can be properly decided outside the context of the trial. This motion will, therefore, be denied without prejudice to Sacred Heart raising specific evidentiary objections at the time of trial.

- **143  Sacred Heart's Motion to bar evidence that Version 4.0 was not "Licensed Software"**

The agreements signed by the parties refer to "Licensed Software." In this regard, the Software License Agreement provides, at paragraph 9.4, that "AHN represents that Licensed Software shall provide functionality substantially equivalent to that indicated in current AHN user guides and in accordance with the RFP[1] (Section 3 Business Functions)

---

[1]Sacred Heart's Request for Proposals from software vendors.

which will be an attachment to the contract." The contract documents do not refer to any particular name or version of software.

AHN did install its Version 4.0 software for use by Sacred Heart while its Clarus product was being developed. It is AHN's position that "Version 4.0 was to serve as an interim or bridge software until the Clarus financial applications were ready to be installed at Sacred Heart," AHN's Brief (Filing 152) at p.5, and Sacred Heart was aware that Version 4.0 was not the end product described in the written contracts.

I do not believe these issues can or should be decided before trial. This motion will be denied without prejudice to Sacred Heart raising specific evidentiary objections at trial.

- **146 AHN's Motion in Limine regarding (a) expert testimony by Robert DeGrand or DeGrand's expert witness report; (b) references to other customers who purchased or installed AHN's Clarus software; and (c) allegations that AHN's response to Sacred Heart's RFP was based upon Version 4.0.**

*Robert DeGrand.* Sacred Heart designated Mr. DeGrand as a retained expert witness pursuant to Fed. R. Civ. P. 26(a)(2)(B). DeGrand has been the president of Barkley Consulting, Inc. since October 2005 and has over 28 years in health care information systems experience. Briefly, his opinions relate to issues regarding AHN's conduct in responding to Sacred Heart's RFP, the customs and practices in the software and health care industries in formulating such responses and in drafting software license agreements, and the content of the agreements at issue in this case.

AHN contends that DeGrand's testimony will be based solely on statements made to him by Sacred Heart's employees and will be used only to "serve as a mouthpiece" for these employees.

-4-

Having reviewed Mr. DeGrand's reports and qualifications, I conclude that he qualifies as an expert in the area of health information systems. It cannot be conclusively determined prior to trial whether his testimony and opinions will have the effect of usurping the role of the court or the jury. Any issues relating to the bases for his opinions may be raised by AHN on cross-examination by impeaching the credibility of this witness and influencing the weight given to the expert's opinions. Since Mr. DeGrand appears to possess specialized knowledge that may help the jury to understand the evidence or to determine relevant facts at issue in this case, he should not be completely precluded from testifying.

Based on the representations in Sacred Heart's brief (Filing 151) that certain opinions of Mr. DeGrand will not be offered at trial, I find that the motion in limine should be denied without prejudice to AHN asserting specific evidentiary objections at trial.

***AHN's Clarus Software Customers.*** It is undisputed that the relationship between the parties deteriorated before AHN could install its Clarus software at Sacred Heart, and the Clarus software was never installed at Sacred Heart. AHN argues that evidence regarding other customers who licensed and installed Clarus is irrelevant to any issue in this case. Sacred Heart argues the evidence is relevant in determining the development status of the Clarus software when AHN negotiated its agreements with Sacred Heart.

I find that the motion in limine should be denied without prejudice to AHN asserting specific evidentiary objections at trial.

***Whether AHN's response to the RFP was based upon Version 4.0.*** For the reasons discussed above in conjunction with Sacred Heart's Motion #143, this motion will be denied without prejudice to AHN raising specific evidentiary objections at trial.

## ORDER

As discussed above,

**IT IS ORDERED:**

1. Sacred Heart's Motion to bar the testimony and report of Peggy Drelicharz as an expert witness [138] is granted without prejudice to AHN calling Drelicharz as a fact witness and/or qualifying Drelicharz as a lay expert witness pursuant to Fed. R. Evid. 401.

2. Sacred Heart's Motion to bar evidence of Sacred Heart's failure to cooperate in the implementation process [139] is denied without prejudice to Sacred Heart raising specific evidentiary objections at the time of trial.

3. Sacred Heart's Motion to bar evidence that Version 4.0 was not "Licensed Software" [143] is denied without prejudice to Sacred Heart raising specific evidentiary objections at trial.

4. AHN's Motion in Limine [146] regarding (a) expert testimony by Robert DeGrand or DeGrand's expert witness report; (b) references to other customers who purchased or installed AHN's Clarus software; and (c) allegations that AHN's response to Sacred Heart's RFP was based upon Version 4.0 is denied without prejudice to AHN raising specific evidentiary objections at trial.

**DATED April 28, 2006.**

                                                        **BY THE COURT:**

                                                        s/ F.A. Gossett
                                                        **United States Magistrate Judge**