IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMERICAN HEALTHNET, INC., A Nebraska Corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:04CV9 |
| v. | ) ) | ORDER |
| WESTSIDE COMMUNITY HOSPITAL, INC., An Illinois Corporation d/b/a/ SACRED HEART HOSPITAL, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the magistrate judge by consent of the parties on the Motion for Partial New Trial [181] filed by Westside Community Hospital, Inc. ("Sacred Heart"). The court has considered the briefs and indices filed by all parties.

American HealthNet, Inc. (AHN) and Sacred Heart filed lawsuits against each other regarding a contract for AHN to supply computer software and other services to Sacred Heart. The parties agreed to a consolidate the trial of AHN's breach of contract claim against Sacred Heart with Sacred Heart's claims asserted against AHN in companion case No. 4:04CV3210 for breach of contract, negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment.

On May 12, 2006, the jury returned a verdict in favor of AHN on its claim against Sacred Heart for breach of contract and awarded AHN $133,671.75 in damages. The jury also found in favor of AHN and against Sacred Heart on all of Sacred Heart's claims.

Pursuant to Rule 59(a)(1), "A new trial may be granted to all or any of the parties and on all or part of the issues ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the

courts of the United States."  The rule permits a new trial "if substantial errors were made in admitting or excluding evidence, or in charging the jury, or in misconduct, or because a material issue was improperly submitted or withdrawn from a jury.... This list is not exhaustive, as a trial court may order a new trial 'for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.' .... Despite this great latitude, it is well settled that the trial judge is to 'abstain from interfering with the verdict unless' upholding it would constitute a 'miscarriage of justice.' .... The federal rules direct the court to 'disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.'" *Sharkey v. Lasmo (Aul Ltd.)*, 55 F. Supp. 2d 279, 289 (S.D.N.Y. 1999) (citations omitted).

Thus, under Rule 59(a), "A motion for new trial will be granted when a miscarriage of justice occurred in the first trial." *Larson v. Farmers Co-op. Elevator of Buffalo Center, Iowa*, 211 F.3d 1089, 1095 (8th Cir. 2000); *accord Gasper v. Wal-Mart Stores, Inc.*, 270 F.3d 1196, 1199 (8th Cir. 2001).  "[A] movant should not use Rule 59 merely to relitigate previously-decided matters." *LiButti v. United States*, 986 F. Supp. 114, 117 (N.D.N.Y. 1997), *rev'd on other grounds*, 178 F.3d 114 (2d Cir. 1999).

> [A] trial court should be most reluctant to set aside that which it has previously decided unless convinced that it was based on a mistake of fact or clear error of law, or that refusal to revisit the earlier decision would work a manifest injustice....  Certainly, a trial court should not grant a new trial simply because, like the proverbial second bite at the apple, the losing party believes it can present a better case if afforded another chance.

*Libutti v. United States*, 178 F.3d at 118-19 (citing *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

In this motion, Sacred Heart basically contends the jury's resolution of the breach of contract claims in favor of AHN is not supported by the evidence. The defendant does not contend the jury was improperly instructed, and the court believes the jury instructions were correct. Rather, defendant appears to contend that the jury did not understand, disobeyed, or misapplied the instructions.

The evidence presented in this case, depending on which evidence the jury found credible, would support a variety of verdicts. The verdict was not contrary to the evidence or the law, and upholding this jury verdict will not constitute a miscarriage of justice. The court finds that Sacred Heart is not entitled to relief under Rule 59.

Accordingly,

**IT IS ORDERED** that Sacred Heart's Motion for Partial New Trial [181] is denied.

**DATED October 26, 2006.**

        **BY THE COURT:**

        s/ F.A. Gossett
        **United States Magistrate Judge**